Filed 8/22/25  P. v. Jernigan CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JEFFERY LAWRENCE JERNIGAN,<br><br>      Defendant and Appellant. | B337181<br><br>(Los Angeles County<br>Super. Ct. No. TA060183) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Dismissed.

Jennifer Peabody and Olivia Meme, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

**MEMORANDUM OPINION**[1]

Defendant Jeffery Lawrence Jernigan appeals from an order denying his request for resentencing under Penal Code section 1172.1.[2]  We conclude that the order Jernigan challenges is not appealable.  We therefore dismiss the appeal.

In 2001, a jury convicted Jernigan of sexual penetration with a foreign object (§ 289, former subd. (a)(1); count 1), sexual penetration by a foreign object against a victim under 18 years old (§ 289, subd. (h); count 2), and forcible rape (§ 261, subd. (a)(2); count 3), with a finding that he committed forcible penetration with a foreign object or forcible rape against more than one victim (§ 667.61).  The trial court sentenced Jernigan to an aggregate term of 30 years to life.  We affirmed the judgment on direct appeal.  (*People v. Jernigan* (May 2, 2003, B155173) [nonpub. opn.].)

In January 2023, Jernigan filed a form request for recall and resentencing pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill No. 600) and section 1172.1.[3]  He alleged that he was eligible for resentencing based on changes to the law since his initial sentencing, as reflected in sections 1170, 1170.1, and 1385.

---

[1]     We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2]     Subsequent statutory references are to the Penal Code.

[3]     Assembly Bill No. 600, effective January 1, 2024, amended section 1172.1.

In February 2024, the trial court denied the request for resentencing. The court's minute order cited section 1172.1, subdivision (c), which states that a court is not required to respond to a defendant's petition. Jernigan timely appealed.

Jernigan argues the court's ruling denying his request for resentencing is appealable.[4] We, like the other courts that have addressed this issue, conclude that a trial court's decision to decline a defendant's petition to resentence under section 1172.1 is not appealable.

Pursuant to section 1172.1, a trial court may recall a defendant's sentence and resentence the defendant either (1) "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law," or (2) "at any time upon the recommendation of" specified law enforcement officials. (*Id*., subd. (a)(1).)

Section 1172.1 does not provide a defendant the right to demand resentencing. Under the express terms of section 1172.1, subdivision (c), defendants are "not entitled to file a petition seeking relief from the court under this section. If a defendant

---

[4] Jernigan also argues that the trial court abused its discretion in denying his resentencing request. Citing the history of recent criminal justice reform in California, and his personal history and efforts at rehabilitation while incarcerated, Jernigan contends the denial contravened the "spirit of the law" and the "ends of substantial justice." Because we conclude Jernigan's appeal is from a non-appealable order, he cannot raise other issues on appeal. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*).) We do not address these arguments, or those based on authority that has been vacated. (See *People v. Chatman* (Feb. 4, 2025, F087868), opn. vacated Mar. 3, 2025.)

requests consideration for relief under this section, the court is not required to respond." Thus, a defendant who files "an unauthorized request for resentencing has no *right* to a ruling." (*Hodge, supra*, 107 Cal.App.5th at p. 996.)

Under section 1237, which governs a defendant's right to appeal in criminal cases, a defendant "may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) 'any order made after judgment, affecting the substantial rights of the party.' (§ 1237, subd. (b).)" (*Hodge, supra*, 107 Cal.App.5th at p. 992.) In *Hodge*, the court held that a "trial court's decision not to exercise its discretion to recall [a defendant's] sentence [does] not affect [a defendant's] substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on [the defendant's] request." (*Id*. at p. 991.) The court explained that because "a defendant has no right to demand that the trial court actually make such a decision," the "trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Id*. at p. 996.) Because the trial court's order did not affect the defendant's substantial rights, and the appeal was not from a final judgment of conviction, there was no statutory right to appeal.

We agree with the *Hodge* court's reasoning. We join the other Courts of Appeal that have concluded a trial court's decision declining to consider a defendant's resentencing request under section 1172.1 is not appealable because the order does not affect the defendant's substantial rights. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045 ["a trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights"]; *People v.*

4

*Roy* (2025) 110 Cal.App.5th 991, 994 ["order denying or dismissing a defendant-initiated request under section 1172.1 is not appealable because the trial court had no statutory obligation to act on defendant's request and thus the order did not affect a defendant's substantial rights"]; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693 (*Faustinos*) ["order declining to act on a defendant's unauthorized section 1172.1 petition is nonappealable"]; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202 [holding defendant-initiated request not appealable due to lack of jurisdiction].)

Jernigan's reliance on *People v. Loper* (2015) 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*), is misplaced. As the Court of Appeal explained in *Hodge, Loper* is inapposite because it involved a defendant's appeal of an order denying a request for compassionate release that was properly initiated by the Department of Corrections and Rehabilitation, which had requested the defendant's release under section 1170, former subdivision (e) (now codified at section 1172.2). (*Loper*, at p. 1158.) That statute permitted the Department to recommend recall and resentencing, although it did not provide the prisoner with an independent right to petition the court. (*Id.* at p. 1161.) Thus, in *Loper*, the trial court was statutorily obligated to rule on the Department's request, whereas no such obligation exists upon a defendant's petition under section 1172.1. (*Hodge, supra*, 107 Cal.App.5th at pp. 996–997; see also *Faustinos, supra*, 109 Cal.App.5th at p. 698 [distinguishing *Loper* because it involved a " 'properly initiated' " post-judgment proceeding].)

*Hodge* also distinguished *Carmony* because the statute it concerned, section 1385, placed "constraints on a trial court's discretion." (*Hodge, supra*, 107 Cal.App.5th at p. 997, citing

5

*Carmony*, *supra*, 33 Cal.4th at p. 375.)  In *Carmony*, the trial court had denied the defendant's motion to dismiss his prior strikes under section 1385.  Our high court considered the standard of review on appeal.  (*Carmony*, at pp. 371, 374.)  The court held that even though section 1385 did not confer a right to relief on a defendant, it did provide a defendant "the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Carmony*, at p. 375.)  The court further held that " ' "[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to [it] by the Legislature and grant a dismissal in the interests of justice." ' " (*Hodge*, at p. 997, quoting *Carmony*, at p. 375.)

The *Hodge* court recognized that, in contrast to the limits the *Carmony* court described on a trial court's discretion not to dismiss a prior strike under section 1385, "section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge*, *supra*, 107 Cal.App.5th at p. 997.)  Moreover, as the court in *Faustinos* observed, "*Carmony* did not concern appellate jurisdiction.  It arose in a direct appeal from a conviction and sentence. [Citation.]  There is always *jurisdiction* for such an appeal. (§ 1237, subd. (a).)" (*Faustinos*, *supra*, 109 Cal.App.5th at p. 699.)  In contrast, and as described above, the *Faustinos* court noted that in the post-judgment context, an appeal presents the question of whether the defendant's substantial rights are affected.  (*Ibid*.)  Because a defendant petitioning under section 1172.1 has no right to initiate resentencing and have the

6

trial court do so, a defendant's substantial rights are not implicated.  (*Faustinos*, at pp. 699, 700.)  Thus, "[a]n appellate court has no basis to review a trial court's decision not to initiate" a resentencing.  (*Id.* at p. 699.)

We agree with the reasoning of *Hodge* and *Faustinos* and do not find *Loper* or *Carmony* persuasive in this context.  Because Jernigan seeks to challenge a non-appealable order, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.